The case was very fully argued on two different days, after which the court (present, Rutledge, Ch. J. Burke, Grimke, Waties, and Bay, Justices) took time to consider, and upon consultation, were unanimously of opinion that the words “ at her death, to the heirs of her body? in the present case, were words of limitation, and not words of purchase. For although, in some cases, they may be construed to be words of purchase, and not of limitation, yet, in this deed there were no words which the court could lay hold of to give such a construction. They must be governed by the plain rules of law, and the legal import of the phrases which constitute an estate tail; which being too remote, and tending to a perpetuity of chattel, the whole vested in Mrs. Dott, the first taker. Therefore, let the postea be-delivered to the defendant.
N. B.
As this was looked upon to be a leading case, I subjoin the authorities, and some of the reasons, which in-. *454 duced the court to be so decidedly of the above opinion, in the construction of this deed.
The authorities in the books in which these words “ heirs “ of the body” have been construed words oí purchase, turn mostly upon the manifest intention of the party, appearing either from the zvcnds of the deeds or wills themselves, or from the nature and design of them. First. In all cases which turn upon the construction of marriage articles, in which it is evident that a provision for the issue of the intended marriage is the design of the parties to the deed, the court will consider the issue of such marriage as purchasers, notwithstanding the generality of the expression “ to the u heirs of the body as in the case of Bale v. Coleman, 1 P. Wms. 145, and the case of Scale v. Seale, ibid. 291. where Lord Chancellor Ilarcourt, treating of marriage articles, says, “ that in the nature and design of them the issue are 44 particularly considered, and looked upon as purchasers and for these reasons, says he, courts have always restrained the generality of them for the benefit of children.
2. In all cases of devises for the benefit of children, these words shall be construed words of purchase ; as in Champion v. Picax, 1 Atk. 472. which was a devise to one during life, without control of her husband; and after her death for the benefit of her issue. The testator here having in contemplation the marriage of his grand-daughter, and a provision for children, the same construction was given by Lord Eardwicke, that the children should take by purchase. So, also, in Fearne, 381. it is laid clown, that wherever the comfortable provision of a family is in contemplation of the parties, in every such case, the court will put this equitable construction on the words heirs of the body,” and consider children as purchasers, for the purpose of defeating an estate tail, (which admits of no divisibility,) and making an equitable distribution among the children.
3. There are also many cases, again, in the books, where the words “ heirs of the body” are construed words of purchase, where no marriage is in contc mplation of the parties, Bor provision for children. And these are where it is evi *455 dent and apparent on the face of the deed or will itself, notwithstanding these words are made use of, that the party meant and intended an equal distribution ; as where an estate is given to one for life, and after, to the heirs of his body, share and share alike. Here the words “ share and “ share alike” being added to these words, qualify the ge= nerality of the words “ heirs of the body,” and shew it wats the intention of the party to make an equal distribution»
Another general rule is, wherever there are words in-grafted upon, or superadded to the words “ heirs of the “ body, or issue,” which amount to a descriptio persones, or which point out the particular person or persons who the-party meant should take. In these cases also, those persons, in law, shall be considered as purchasers ; as if a gift or devise be to one for life, and then to the heirs of his body living at the time of hie death. Here the surviving child or children shall take by pur those, because the words “ living u at the time of his d oth” are sufficiently descriptive of those he meant should take, to wit, the children alive at the death of him who had the life estate. So, likewise, a devise made to I. S. and to his eldest issue male, he having no son at the time ; this shall be taken as a sufficient descriptio persona;, to wit, that the eldest son of I. S. should take. Pow. on Dev. 359. A devise, therefore, may well be described by the word heir or issue of one who takes a previous estate, if the testator plainly shews that the term heir or issue was meant or understood as a descriptio pcrsoncco Ibid. 358. 372. 1 Eq. Ca. Abr. 184.
The foregoing cases, therefore, and those similar to them,, are the cases in which the words “ heirs of the body,” or “ issue,” shall be construed words of purchase, and not words of limitation. But no such construction is given to wills or deeds, where no such settlement or provision for children is in contemplation, or where it is not evident on the face of the will or deed that the party meant an eqv.ihu ble distribution of his estate ; or where the persons were nor sufficiently pointed out, who were the intended objects of the parlifs bounty. In every other case the deed or will mss'; *456 be governed'by the rules of law, and the intent of the party must be collected from the plain and obvious meaning and import of the legal phrases themselves, if the terms are suf-pcjentjy eXppc¡t to gOVem the construction. Lord Kenyon, in 3 Durn. & East. 472, 473. lays it down as a rule, that in deeds (and wills) certain legal phrases must be made use of to create estates — as the word “ heirs” to create a fee, and the words “ heirs of the body” to create an estate tail; be* yond which (he says) there is no magic in particular words, further than they shew the intent of the parties. It is also laid down in 1 P. Wms. 143, 144. that it is a plain rule of law, that if an estate be limited to one for life, with remainder to the “ heirs of the body,” this is an estate tail executed. Let the deed in question be compared with these rules. Mrs. Baker, by this instrument, gave the negroes mentioned in it to her daughter, Mrs. Dott, during life, and at her death to the “ heirs of her body.” There are no other or further words in the deed explanatory of her intention, or which could bring this case under any of the general heads above mentioned, in which children are considered as purchasers. What is then the plain and obvious construction of law upon the words of this deed ? The answer is plain, that the estate being given to Mrs. Dott for life, with remainder over to the heirs of her body, makes it an estate tail executed; which, being of a chattel interest, is too remote. The whole vested in Mrs. Dott, the first taker ; consequently, being her property, the second husband acquired a right to it by marriage ; therefore the sale to the defendant, Gumiington, was good and valid in law.
It cannot be denied, however, that in many cases, personal chattels or terms for years, may be limited over, either by executory devises or deeds, as effectually as real estates, if it is not attempted to render them unalienable beyond the duration of lives, or twenty-one years after. Harg. Co. Lit. 20. But the vesting an interest in a chattel, which in reality would be an estate tail, bars the issue, and makes ail subsequent limitations void — the whole property, in such cases, vests in the first taker; and the reason which the law *457 gives is, that it abhors perpetuities, Harg. Co. Lit. 20. & Bac. 294. 2 Vern. 349. 600.
The principal authorities quoted on this occasion were Fearne, 342, 343. Ibid, 346, 347. 1 P. Wms. 290. &c.